**IN THE UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**CHATTANOOGA DIVISION**

---

**BARBARA THAXTON** and **ANGELA D**. **MAYES**, Individually, and on behalf of themselves and all other similarly situated current and former employees,

                             Plaintiffs,

v.

**BOJANGLES' RESTAURANTS, INC.,**
a Delaware Corporation, and
**BOJANGLES', INC.,**
a Delaware Corporation,

                             Defendants

NO. _____

FLSA Opt-In Collective Action

**JURY DEMANDED**

---

**COLLECTIVE ACTION COMPLAINT**

---

      Plaintiffs Barbara Thaxton and Angela D. Mayes, individually, and on behalf of themselves and all others similarly situated, hereby file their Collective Action Complaint against Defendants Bojangles' Restaurants, Inc., and Bojangles', Inc. and allege as follows:

**I.**

**INTRODUCTION**

1. Plaintiffs Barbara Thaxton and Angela D. Mayes were employees of and performed job duties for Bojangles' Restaurants, Inc. and Bojangles', Inc. ("Bojangles"), at all times relevant to this Collective Action Complaint.

2. This lawsuit is brought against Defendants as a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.,* to recover unpaid overtime

1

compensation for Plaintiffs and other similarly situated current and former employees who are members of a class as defined herein.

3. At all times material to this Collective Action Complaint, Plaintiffs and the class performed non-exempt labor duties on behalf of Defendants.

4. Based on the information preliminarily available, and subject to discovery in this cause, Defendants did not compensate Plaintiffs, and those similarly situated employees of Defendants, for all overtime hours worked in excess of forty (40) per week during all times relevant to this Collective Action Complaint.

## II.

## JURISDICTION AND VENUE

5. The FLSA authorizes court actions by private parties to recover damages for violations of the FLSA's wage and hour provisions. Jurisdiction over Plaintiffs' FLSA claims are based on 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c) because Plaintiffs performed job duties at Defendants' Bojangles restaurants in this district, Defendants regularly conducted business in this district and Defendants' wage and hour plans, policies and practices have been administered in this district, during all times material to this action.

## III.

## CLASS DESCRIPTION

7. Plaintiffs bring this action on behalf of the following similarly situated persons:

All current and former employees who were misclassified as exempt Assistant Unit Directors of Defendants' Company-Operated Bojangles

2

restaurants located in the United States who work (or have worked) at such Company-Operated Bojangles restaurants at any time during the applicable limitation's period covered by this Collective Action Complaint (*i.e.* two years for FLSA violations, three years for willful FLSA violations, up to and including the date of final judgment in this matter, and who are the Named Plaintiffs and those who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. § 216(b). (Collectively, "the class").

## IV.

## PARTIES

8. Plaintiff Barbara Thaxton resided in Hamilton County, Tennessee and performed job duties as an Assistant Unit Director for Defendants at one or more of Defendants' Bojangles restaurants in Hamilton County, Tennessee during all times material herein. (Plaintiff Thaxton's Consent to Join this collective action is attached hereto as Exhibit A.)

9. Plaintiff Angela D. Mayes resided in Hamilton County, Tennessee and performed job duties as an Assistant Unit Director for Defendants at one or more of their Bojangles restaurants in Hamilton County, Tennessee during all times material herein. (Plaintiff Mayes's Consent to Join this collective action is attached hereto as Exhibit B.)

10. Defendant Bojangles' Restaurants, Inc., is a Delaware Corporation with its principal executive office located at 9432 Southern Pine Blvd., Charlotte, North Carolina 28273-5553. Bojangles' Restaurants, Inc., is a subsidiary of Defendant Bojangles', Inc. Bojangles' Restaurants, Inc., can be served process through its registered agent: CT

3

Corporation System, 160 Mine Lake Court, Suite 200, Raleigh, North Carolina 27615-6417.

11. Defendant Bojangles', Inc., is a Delaware Corporation with its principal executive office located at 9432 Southern Pine Blvd., Charlotte, North Carolina 28273-5553. Bojangles', Inc., is the parent of Defendant Bojangles' Restaurants, Inc., and other subsidiaries, BJ Restaurant Development, LLC, BJ Georgia, LLC, and Bojangles' International, LLC. Bojangles', Inc., can be served process through its registered agent: The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801.

12. Defendants constitute an integrated enterprise because Defendants' related activities (i.e. jointly owning and operating Bojangles' restaurants) performed (either through unified operation or common control) by any person or persons [are] for a common business purpose as that term is defined in the FLSA, 29 U.S.C. § 203(r).

**V.**

**ALLEGATIONS**

13. Defendants own, operate and franchise Bojangles restaurants with their core menu centered on "chicken 'n biscuits." As of December 2015, Defendants operated company owned Bojangles restaurants in several states across the United States, including Tennessee, Alabama, Maryland, Georgia, South Carolina and North Carolina.

14. The primary function of Defendants' Bojangles restaurants is to prepare and sell food and beverage items to customers.

4

15. Bojangles is and/or has been the "employer" of the Plaintiffs and those similarly situated within the meaning of 29 U.S.C. § 203(d), during all times relevant to this Collective Action Complaint.

16. Plaintiffs and all other similarly situated persons are current or former employees (classified as Assistant Unit Directors) of Bojangles.

17. Bojangles employed Plaintiffs and those similarly situated and was responsible for establishing and administering pay policies and practices, including pay classifications and overtime pay rates, during all times relevant to this Collective Action Complaint.

18. Bojangles has had a centralized plan, policy and practice (scheme) of establishing and administering pay practices for its employees classified as Assistant Unit Directors.

19. At all times material to this action, Plaintiffs and those similarly situated are or have been "employees" of Bojangles as defined by Section 203(e)(1) of the FLSA and, worked for Bojangles within the territory of the Unites States within three (3) years preceding the filing of this lawsuit.

20. At all times material to this action, Defendants have been an enterprise engaged in commerce or in the production of goods for commerce as defined by Section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00.

21. At all times material to this action, Defendants have been subject to the pay requirements of the FLSA because they are an enterprise in interstate commerce and their employees are engaged in interstate commerce.

22. Defendants' Bojangles' restaurants employ individuals classified as Assistant Unit Directors whose primary duties are non-managerial in nature and whose principal duties are to prepare and serve food items to Bojangles' customers.

23. As Assistant Unit Directors, the primary duties of Plaintiffs and similarly situated putative class members were cleaning, taking orders, servicing customers, and preparing, cooking, and packaging food. Plaintiff and putative class members spent a vast majority of their work-time performing such routine duties.

24. Bojangles misclassified Plaintiffs as salary exempt employees and based their salary on a forty (40) hour work week.

25. However, Bojangles typically scheduled and required Plaintiffs and the class to work a minimum of fifty (50) hours per week during the statutory period. Plaintiffs regularly and routinely worked far in excess fifty (50) hours per week during such times.

26. Defendants failed to compensate Plaintiffs and the class at a rate of one and one half time their regular rate of pay for all time worked in excess of forty (40) hours in individual work weeks.

27. Bojangles employs a uniform electronic time keeping system for tracking and reporting employee hours worked at each of its restaurants.

28. Plaintiffs and other similarly situated employees of Defendants, classified as Assistant Unit Directors, who have not been paid overtime compensation for all hours worked in excess of forty (40) hours per week, during the relevant statutory limitations' period, are entitled, and hereby seek, to receive all such overtime compensation due to them from Defendants.

29. The net effect of Defendants' plan, policy and practice of not paying Plaintiffs and other similarly situated employees classified as Assistant Unit Directors overtime compensation for all hours worked in excess of forty (40) hours per week, during the relevant statutory limitations' period, was a scheme to save payroll costs and payroll taxes

for which Defendants have enjoyed ill gained profits at the expense of Plaintiffs and other members of the class.

30. Bojangles treated Plaintiffs as exempt employees when it was in Bojangles' financial interest to do so by failing to pay Plaintiffs time-and-one-half for hours worked over forty (40) within weekly pay periods during the relevant statutory limitations' period.

31. Bojangles treated Plaintiffs as non-exempt employees when it was in Bojangles' financial interests to do so by monitoring their hours worked, and reducing Plaintiffs' pay based on the quantity of work performed, or in other words, reducing Plaintiffs' pay on an hourly basis for every hour worked under forty (40) per week.

32. For example, Plaintiffs' and other class members' compensation was reduced or "docked" for partial-day absences, lack of work and quantity of work, in violation of 29 U.S.C. § 201, et seq., and 29 C.F.R. §§ 541.602(a), (b)1, 541.603.

33. Bojangles is unable to bear its burden of showing that Plaintiffs and the class fall within any of the FLSA overtime exemptions, including but not limited to those announced in 29 C.F.R. §§ 541.300, 541.301, 541.302, 541.303, or 541.304.

34. Although at this stage Plaintiffs are unable to state the exact amount owed to them and other members of the class, they believe such information will become available during the course of discovery. However, when an employer fails to keep complete and accurate time records, employees may establish the hours worked solely by their testimony and the burden of proof of overcoming such testimony shifts to the employer.

# VI.

## COLLECTIVE ACTION ALLEGATIONS

35. The preceding paragraphs are incorporated by reference as if the same were fully set forth herein.

36. Plaintiffs bring this collective action on behalf of themselves and all other persons similarly situated pursuant to the FLSA, 29 U.S.C. §§ 206, 207, and 216(b), specifically, as follows:

   > All Assistant Unit Directors employed by Defendants within the three years preceding the filing of this action who were misclassified as exempt employees even though they primarily performed non-exempt duties.

   Upon information and belief, Plaintiffs believe that the definition of the class could be further refined following discovery of Defendants' books and records.

37. The claims under the FLSA may be pursued by those who opt-in to this case under 29 U.S.C. § 216(b).

38. The members of the class are so numerous that joinder of all other members of the class is impracticable. While the exact number of the other members of the class is unknown to Plaintiffs at this time and, can only be ascertained through applicable discovery, Plaintiffs believe there are more than 400 individuals in the putative class.

39. The claims of Plaintiffs are typical of the claims of the class. Plaintiffs and the other members of the class work or have worked for Bojangles at its company-operated Bojangles restaurants and were subject to the same operational, compensation and timekeeping plans, policies and practices, including the failure of Bojangles to pay Plaintiffs and other employees classified as Assistant Unit Directors overtime

compensation under the FLSA for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations' period.

40. Common questions of law and fact exist as to the class which predominate over any questions only affecting other members of the class individually and include, but are not limited to, the following:

- Whether Plaintiffs and other members of the class were misclassified as exempt from the FLSA;

- Whether Plaintiffs and other members of the class were expected and/or required to work hours without compensation;

- Whether Defendants suffered and permitted Plaintiffs and other members of the class to work hours without compensation;

- Whether Defendants failed to pay Plaintiffs and other members of the class all applicable straight time wages for all hours worked;

- Whether Defendants failed to pay Plaintiffs and other members of the class all overtime compensation due them for all hours worked in excess of forty (40) hours per week;
- The correct statutes of limitations for Plaintiffs' claims and the claims of the other members of the class;

- Whether Plaintiffs and other members of the class are entitled to damages, including but not limited to liquidated damages, and the measure of the damages; and,

- Whether Defendants are liable for interest, attorneys' interest, fees, and costs.

41. Plaintiffs will fairly and adequately protect the interests of the class as their interests are aligned with those of the other members of the class. Plaintiffs have no interests adverse to the class and, Plaintiffs have retained competent counsel who are experienced in collective action litigation.

42. The collective action mechanism is superior to the other available methods for a fair and efficient adjudication of the controversy. The expenses, costs, and burden of litigation

suffered by individual other members of the class in a collective action are relatively small in comparison to the expenses, costs, and burden of litigation of individual actions, making it virtually impossible for other members of the class to individually seek address for the wrongs done to them.

43. Plaintiffs and other members of the class have suffered and will continue to suffer irreparable damage from the unlawful policies, practices, and procedures implemented and administered by Bojangles.

## COUNT I

### VIOLATION OF THE FLSA IN CONNECTION WITH OVERTIME COMPENSATION

44. Plaintiff, on behalf of herself and the class, repeats and re-alleges Paragraphs 1 through 43 above, as if they were fully set forth herein.

45. At all relevant times, Bojangles has been and continues to be an employer engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. §§ 206(a) and 207(a). Plaintiffs and class members also have worked within the stream of interstate commerce during all relevant times to this Collective Action Complaint.

46. At all relevant times, Bojangles employed (and/or continues to employ) Plaintiffs and each of the other members of the class within the meaning of the FLSA.

47. At all times relevant, Bojangles had a uniform plan, policy and practice of willfully refusing to pay the federal applicable overtime compensation to Plaintiffs and other members of the class for all hours worked in excess of forty (40) hours per week.

10

48. At all times relevant, Bojangles had actual and/or constructive knowledge of willfully refusing to pay the federal applicable overtime compensation to Plaintiffs and other members of the class for all hours worked in excess of forty (40) hours per week.

49. At all times relevant, Bojangles did not have a good faith basis for its failure to pay the federal applicable overtime compensation to Plaintiffs and other members of the class for all hours worked in excess of forty (40) hours per week.

50. As a result of Bojangles' willful failure to pay Plaintiffs and other members of the class the applicable federal applicable overtime compensation for all hours worked over forty (40) per week during the relevant statutory limitations' period, it has violated the FLSA, 29 U.S.C. §§ 201, *et seq.*

51. Bojangles conduct constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).

52. Due to Bojangles willful FLSA violations and, and its lack of good faith, in its failure to pay Plaintiffs and the other members of the class the federal applicable overtime compensation for all hours worked in excess of forty (40) hours per week during the relevant statutory limitations' period, they are entitled and, hereby seek, to recover from Bojangles compensation for unpaid overtime wages, an additional equal amount as liquidated damages, as well as interest, reasonable attorneys' fees, costs, and disbursements relating to this action for the three-year statutory period under the FLSA, 29 U.S.C. § 216(b).

## **PRAYER FOR RELIEF**

Wherefore, Plaintiffs, individually and/or on behalf of themselves and all other similarly situated members of the class demand judgment, jointly and severally, against Defendants,

11

Bojangles' Restaurants, Inc., and Bojangles', Inc., as well as to request this Court to grant the following relief against Defendants:

A.    An Order designating this action as an opt-in collective action on behalf of the class for claims under the FLSA and promptly issuing notice pursuant to 29 U.S.C. § 216 for the claims of the class, apprising class members of the pendency of this action and permitting other members of the class to assert timely FLSA claims resulting from the same policy or practice of misclassification by filing individual Consents under 29 U.S.C. § 216(b);

B.    An award of compensation for unpaid overtime wages to Plaintiffs and other members of the class;

C.    An award of liquidated damages to Plaintiffs and other members of the class;

D.    An award of prejudgment and post-judgment interest at the rate established by the Secretary of the Treasury, pursuant to 29 U.S.C. § 6221, from the date they became due until the date they are paid.

E.    An award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiffs and other members of the class;

F.    A ruling that the three-year statutory period for willful violations under the FLSA shall apply in this action;

G.    All applicable statutory and common law damages;

H.    A Declaration that Plaintiffs and other members of the class were misclassified as exempt and entitled to unpaid overtime damages and other common law or statutory damages to be proven at trial;

12

I.        A Declaration that Defendants have willfully violated the FLSA;

J.        An Order appointing Plaintiffs and Plaintiff's counsel to represent those individuals opting in to the collective action; and

K.      Such other general and specific relief as this Court deems just and proper.

## <u>JURY TRIAL DEMAND</u>

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a **trial by jury** on all issues so triable.

Dated:  September 26, 2017                    Respectfully Submitted,

*/s/Gordon E. Jackson*
Gordon E. Jackson (TN BPR #08323)
James L. Holt, Jr. (TN BPR #12123)
J. Russ Bryant (TN BPR #33830)
Paula R. Jackson (TN BPR #20149)
**JACKSON, SHIELDS, YEISER & HOLT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Tel:  (901) 754-8001
Fax:  (901) 759-1745
*gjackson@jsyc.com*
*jholt@jsyc.com*
*rbryant@jsyc.com*
*pjackson@jsyc.com*

*Attorneys for Named Plaintiff, on behalf of*
*herself and all other similarly situated current*
*and former employees*

14